UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| NATHAN D. GRAY, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> MONICAL PIZZA CORPORATION, ) <br> ) <br> Defendant. ) | Case No. 13-CV-2113 |

**OPINION**

This case is before the court for ruling on various pending motions. Following careful review, this court rules as follows: (1) Plaintiff's pro se Request for Extension of Time for Discovery (#40) is GRANTED; (2) Defendant's Motion for Summary Judgment (#31) is GRANTED, in part, and DENIED, in part, with leave to file a new Motion for Summary Judgment following the close of discovery; and (3) Defendant's Motion to Strike (#36) is DENIED.

BACKGROUND

On May 22, 2013, Plaintiff, Nathan D. Gray, filed a pro se Complaint (#1) against Defendant, Monical Pizza Corporation, alleging racial harassment, racial discrimination and retaliation. On June 10, 2013, Defendant filed its Answer and Affirmative Defenses (#7). On June 20, 2013, the parties filed a Report of Rule 26(f) Planning Meeting (#11) which included proposed pleading and discovery deadlines. A Rule 16 conference was held on July 18, 2013, before Magistrate Judge David G. Bernthal. Judge Bernthal approved the plan proposed by the parties. Judge Bernthal entered a text order which stated, in pertinent part, that the discovery deadline was March 28, 2014, and that case dispositive motions were due

by May 23, 2014. The parties' proposed pleading and discovery dates did not state that written discovery had to be served more than 30 days prior to the discovery deadline. Because Judge Bernthal's order adopted the dates provided by the parties, his order also did not include this language.

On January 27, 2014, Defendant filed a Motion for Summary Judgment (#31) and a Memorandum in Support (#32) with attached exhibits. The exhibits included a transcript of Plaintiff's deposition and affidavits of various management employees of Defendant. Defendant argued that it was entitled to summary judgment on Plaintiff's claims because Plaintiff could not establish a prima facie case of racial harassment, racial discrimination or retaliation.

On February 21, 2014, Plaintiff filed a pro se Response to Motion for Summary Judgment (#34) and a Memorandum in Support (#35) with attached exhibits, including affidavits. In his Response, Plaintiff conceded that he could not establish a prima facie case of retaliation. He argued, however, that he was routinely subjected to unwelcome harassment by Defendant and that he needed additional discovery regarding his discrimination claim. Plaintiff argued that the case was still in the discovery phase and he was requesting additional discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.

Defendant did not file a Reply and did not respond to Plaintiff's argument that he needed additional discovery. Defendant did file a Motion to Strike (#36) on February 24, 2014, and argued that some statements included in the affidavits filed by Plaintiff were inadmissible hearsay and should be stricken. Defendant did not file a Memorandum of Law

in support of the Motion to Strike, as required by Rule 7.1(B)(1) of the Local Rules of the Central District of Illinois. On March 7, 2014, Plaintiff filed his Response to Motion to Strike (#39). Plaintiff argued that the statements Defendant claimed were inadmissible hearsay were supported "by corroborating circumstances that clearly indicate [their] trustworthiness which from the plaintiff[']s understanding excludes it from the hearsay rule."

On March 17, 2014, Plaintiff filed a pro se Request for Extension of Time for Discovery (#40). Plaintiff asked that discovery be extended an additional 60 days from the March 28, 2014, deadline. Plaintiff stated that the March 28, 2014, deadline did not give him enough time. On March 17, 2014, Defendant filed its Objection to Plaintiff's Request for Extension of Time for Discovery (#41). Defendant stated that discovery had proceeded in this case in a timely manner and a Motion for Summary Judgment had been filed. Defendant stated that, on March 3, 2014, Plaintiff propounded a "First Set of Interrogatories to Defendant," which was received by Defendant's counsel on March 7, 2014. Defendant stated that response date would be outside the court's Rule 16 Order. Defendant further stated that, on March 12, 2014, Plaintiff propounded a Second Set of Interrogatories and a "Seventh" Request for Production of Documents. Defendant argued that Plaintiff did not give an explanation for his need for an extension of time, other than he simply had not completed discovery as he would have liked. Defendant argued that there is no need or reason to extend discovery and asked this court to deny Plaintiff's Request.

On March 24, 2014, Plaintiff filed a Response to Defendant's Objection (#44). Plaintiff pointed out that the parties agreed to a discovery deadline of March 28, 2014, and

that he propounded his requests for discovery prior to that date. Plaintiff also stated that it is his understanding that Defendant's filing of a Motion for Summary Judgment did not end the discovery phase of the case. Plaintiff asked this court to allow the extension of time so that Defendant can respond to the discovery requests and Plaintiff can file any proper motions with the court if Defendant does not comply with the requests.

## ANALYSIS

### REQUEST FOR EXTENSION OF TIME FOR DISCOVERY

In his pro se Response to Defendant's Motion for Summary Judgment, Plaintiff stated that he needed additional discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. Plaintiff indicated that he needed additional information about the termination of Kevin Royalty to counter Defendant's argument that Royalty, who is white, was engaged in conduct similar to that of Plaintiff and was also terminated. Plaintiff stated that "the exact circumstances of what Mr. Royalty was doing have not been disclosed" and "are unknown to the plaintiff." Defendant did not file a Reply to Plaintiff's pro se Response and did not respond to this argument.

Plaintiff subsequently filed his Request for Extension of Time for Discovery (#40). Defendant objected to Plaintiff's Request, arguing, in part, that the response date for Plaintiff's latest requests for written discovery was outside the court's Rule 16 order. This court understands Defendant to mean that the response date would be after the March 28, 2014 discovery deadline set by the court. This court agrees with Plaintiff, however, that nothing in the court's order setting dates for discovery states that written discovery requests

4

had to be filed more than 30 days prior to the discovery deadline. Further, Rules 33 and 34 of the Federal Rules of Civil Procedure, which relate to written discovery requests, include no such requirement. This court concludes that the pro se Plaintiff has adequately shown that additional discovery is necessary in this case. This court also concludes that a 60-day extension is reasonable. Accordingly, Plaintiff's Request for Extension of Time for Discovery (#40) is GRANTED. The discovery deadline in this case is extended to May 30, 2014.

MOTION FOR SUMMARY JUDGMENT

Because Plaintiff has conceded that he cannot establish a prima facie case of retaliation, this court concludes that Defendant's Motion for Summary Judgment (#31) must be granted as to Plaintiff's retaliation claim. However, this court concludes that the Motion for Summary Judgment must be denied as to the racial harassment and racial discrimination claims. This court has allowed Plaintiff additional time to conduct discovery. Rule 56(d) provides, regarding motions for summary judgment:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Although the pro se Plaintiff filed numerous affidavits with his

5

Response to the Motion for Summary Judgment, he did not file the type of affidavit contemplated by Rule 56(d). This court has nonetheless concluded that Plaintiff has adequately shown that he needed additional discovery under Rule 56(d). This is especially true here where the discovery deadline had not passed at the time Defendant filed its Motion for Summary Judgment. Therefore, Defendant's Motion for Summary Judgment (#31) is DENIED as to Plaintiff's claims of racial harassment and racial discrimination. This court will extend the dispositive motion deadline to June 30, 2014. Defendant may file a new Motion for Summary Judgment on or before that date.

## MOTION TO STRIKE

Defendant filed a Motion to Strike (#36) and argued that some statements included in the affidavits filed by Plaintiff were inadmissible hearsay and should be stricken. Defendant did not file a Memorandum of Law in support of the Motion to Strike, as required by Rule 7.1(B)(1) of the Local Rules of the Central District of Illinois. Because the Motion for Summary Judgment has been ruled on, this Motion could be found moot. However, this court notes that motions to strike are disfavored. *See Hahn v. Walsh*, 915 F. Supp. 2d 925, 941 (C. D. Ill. 2013); *Nuzzi v. St. George Cmty. Consol. Sch. Dist. No. 258*, 688 F. Supp. 2d 815, 830 (C.D. Ill. 2010). The Seventh Circuit has expressed the opinion that motions to strike "are not only unnecessary (from the parties' perspective) but also pointless (from the judiciary's)." *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727-28 (7th Cir. 2006). This court's position is that it is confident in "its ability to consider only arguments and facts which are properly presented" so that motions to strike will rarely be granted. *See*

6

*Hahn*, 915 F. Supp. 2d at 941, *quoting Nuzzi*, 688 F. Supp. 2d at 830. This court is well aware that "[a]n affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). A court may consider only admissible evidence in assessing a motion for summary judgment. *Sow v. Fortville Police Dep't*, 636 F.3d 293, 301 (7th Cir. 2011). Statements by an affiant regarding what someone else said generally constitute inadmissible hearsay, which cannot be used to support opposition to a motion for summary judgment. *See Harden v. Marion County Sheriff's Dep't*, 2014 WL 852946, at *5 (S.D. Ind. 2014), *citing Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996).

This court concludes that, because Defendant did not file the required memorandum of law and because motions to strike are disfavored, Defendant's Motion to Strike (#36) must be DENIED. This court advises Plaintiff, however, that any affidavits he files in opposition to a new Motion for Summary Judgment filed by Defendant will be considered by this court only if they comply with Rule 56(c)(4) and contain admissible evidence.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's pro se Motion for Extension of Time to Complete Discovery (#40) is GRANTED. The discovery deadline in this case is extended to May 30, 2014.

(2) Defendant's Motion for Summary Judgment (#31) is GRANTED, in part, and DENIED, in part. The Motion is granted as to Plaintiff's retaliation claim because Plaintiff conceded he cannot establish a prima facie case of retaliation. The Motion for Summary

7

Judgment is denied as to Plaintiff's claims of racial harassment and racial discrimination. Because the discovery deadline has been extended, this court extends the dispositive motion deadline to June 30, 2014. Accordingly, Defendant may file a new Motion for Summary Judgment as to the remaining claims on or before that date.

(3) Defendant's Motion to Strike (#36) is DENIED.

ENTERED this 1st day of April, 2014.


s/COLIN S. BRUCE
U.S. DISTRICT JUDGE