UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| NATHAN D. GRAY,  )<br>)<br>Plaintiff,  )<br>v.  )<br>)<br>MONICAL PIZZA CORPORATION,  )<br>)<br>Defendant.  ) | Case No. 13-CV-2113 |

## OPINION

This case is before the court for ruling on the Motion for Summary Judgment (#64) filed by Defendant Monical Pizza Corporation. Plaintiff, who is pro se, has not responded to the Motion. This court has carefully considered Defendant's arguments and the documents filed. Following this careful and thorough consideration, Defendant's Motion for Summary Judgment (#64) is GRANTED.

## BACKGROUND

On May 22, 2013, Plaintiff, Nathan D. Gray, filed a pro se Complaint (#1) against Defendant, alleging racial harassment, racial discrimination and retaliation. On June 10, 2013, Defendant filed its Answer and Affirmative Defenses (#7). A Rule 16 conference was held on July 18, 2013, before Magistrate Judge David G. Bernthal. Judge Bernthal approved the plan proposed by the parties. Judge Bernthal entered a text order which stated, in pertinent part, that the discovery deadline was March 28, 2014, and that case dispositive motions were due by May 23, 2014.

On January 27, 2014, Defendant filed a Motion for Summary Judgment (#31)

and a Memorandum in Support (#32) with attached exhibits. Defendant argued that it was entitled to summary judgment on Plaintiff's claims because Plaintiff could not establish a prima facie case of racial harassment, racial discrimination or retaliation.

On February 21, 2014, Plaintiff filed a pro se Response to Motion for Summary Judgment (#34) and a Memorandum in Support (#35) with attached exhibits, including affidavits. In his Response, Plaintiff conceded that he could not establish a prima facie case of retaliation. He argued, however, that he was routinely subjected to unwelcome harassment by Defendant and that he needed additional discovery regarding his discrimination claim. Plaintiff argued that the case was still in the discovery phase and he was requesting additional discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.

On March 17, 2014, Plaintiff filed a pro se Request for Extension of Time for Discovery (#40). Plaintiff asked that discovery be extended an additional 60 days from the March 28, 2014, deadline. Plaintiff stated that the March 28, 2014, deadline did not give him enough time. On March 17, 2014, Defendant filed its Objection to Plaintiff's Request for Extension of Time for Discovery (#41).

On April 1, 2014, this court entered an Opinion (#46). This court granted Plaintiff's request for an extension of time to complete discovery and extended the discovery deadline to May 30, 2014. This court also granted Defendant's Motion for Summary Judgment, in part, and denied it, in part. This court granted summary

judgment on Plaintiff's claim of retaliation because Plaintiff conceded that he could not establish a prima facie case of retaliation. This court denied summary judgment as to Plaintiff's racial harassment and racial discrimination claims because Plaintiff was allowed additional time to conduct discovery. This court extended the dispositive motion deadline to June 30, 2014 and stated that Defendant could file a new Motion for Summary Judgment on or before that date.

Plaintiff then proceeded to conduct discovery and filed various Motions to Compel (#55, #58, #59, #60), which were denied.

## MOTION FOR SUMMARY JUDGMENT

On June 18, 2014, Defendant filed a Motion for Summary Judgment (#64) and a Memorandum in Support (#65), with attached exhibits. The exhibits included a transcript of Plaintiff's deposition and affidavits of various management employees of Defendant.

A Notice (#66) was sent to Plaintiff regarding the Motion for Summary Judgment. The Notice stated:

> NOTICE IS HEREBY GIVEN that a case-dispositive motion (such as a motion for summary judgment or motion for judgment on the pleadings) has been filed. See, Fed.R.Civ.P. 56. Please be advised that you have **twenty-one (21)** days from the date of service to respond

to the motion. If you do not respond, the motion, if appropriate, will be granted and the case will be terminated without a trial. See, generally, Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982); Timms v. Frank, 953 F.2d 281 (7th Cir. 1992). Under the court's local rules, a motion is deemed to be uncontested if no opposing brief is filed. See L.R. CDIL 7.1(D)(2).

When a motion for summary judgment is made and properly supported, you must not simply rely upon the allegations made in your complaint. Rather, you must respond by affidavit(s) or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, a copy of which is attached. Your response must set forth specific facts showing that there is a genuine issue of material fact for trial. If you do not submit affidavits or other documentary evidence contradicting the defendants' assertions, the defendants' statement of facts will be accepted as true for purposes of summary judgment. **See Fed.R.Civ.P 56(e) and L.R. 7.1 (attached).**

The clerk's office attached and sent a copy of Rule 56 and a copy of Local Rule 7.1 with the Notice. Plaintiff has not responded to the Motion for Summary Judgment

and the time allowed for doing so has passed.

## ANALYSIS

### I. SUMMARY JUDGMENT STANDARD

Rule 7.1(D)(2) of the Local Rules of the Central District of Illinois provides:

> Within 21 days after service of a motion for summary judgment, any party opposing the motion must file a response. A failure to respond will be deemed an admission of the motion.

Further, when the non-movant does not respond to the movant's statement of facts, the non-movant concedes the movant's version of the facts. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994); *Columbia Pictures Indus., Inc. v. Landa*, 974 F. Supp. 1, 3 (C.D. Ill. 1997). The Seventh Circuit has repeatedly held that such a rule is "entirely proper." *Doe v. Cunningham*, 30 F.3d 879, 882 (7th Cir. 1994).

However, a party's failure to submit a timely response to a motion for summary judgment does not automatically result in summary judgment for the moving party. *LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 392 (7th Cir. 1995); *see also Archer Daniels Midland Co. v. Whitacre*, 60 F. Supp. 2d 819, 823 (C.D. Ill. 1999). It remains "the movant's burden to demonstrate that no genuine issue of material fact exists and that he is entitled to summary judgment as a matter of law." *Doe*, 30 F.3d at 883. Accordingly, the district court must make the further finding that summary

judgment is proper as a matter of law. *LaSalle Bank*, 54 F.3d at 392, *quoting Wienco Inc. v. Katahn Assocs., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge*, 24 F.3d at 920.

## II. PLAINTIFF'S CLAIMS

The undisputed facts set out by Defendant show that Plaintiff, who is black, was hired by Defendant in 2007. He was promoted to Assistant Manager of the Monical's restaurant in Tilton, Illinois later in 2007. Plaintiff complained on two separate occasions of harassment, but did not state that the alleged harassment was related to his race. Plaintiff had multiple meetings with his superiors to discuss his complaints of harassment, as well as management issues at the Monical's restaurant in Tilton. During his employment, Plaintiff never complained to his superiors that he was treated differently because of his race. In 2012, Plaintiff accepted cash from an hourly Monical's employee, Cody Sollars, so that Sollars could leave work early.

On September 18, 2012, Plaintiff was terminated from his position at Monical's. He was terminated because he accepted cash from an hourly employee

6

in exchange for giving that employee time off. Another Assistant Manager at that Monical's restaurant, Kevin Royalty, who is white, was engaged in similar conduct of taking cash from hourly employees so the employees could receive time off work. Royalty was terminated for accepting cash from hourly employees in exchange for time off.

To survive summary judgment on a racial harassment theory, a plaintiff must show that: "(1) he was subject to unwelcome harassment; (2) the harassment was based on his race; (3) the harassment was severe or pervasive so as to alter the conditions of the employee's work environment by creating a hostile or abusive situation; and (4) there is a basis for employer harassment." *Porter v. Erie Foods Int'l, Inc.*, 576 F.3d 629, 634 (7th Cir. 2009). This court agrees with Defendant that, based upon the undisputed facts, Plaintiff cannot show that he was subjected to harassment based on his race that was severe or pervasive.

As far as Plaintiff's claim of discrimination, this court agrees with Defendant that Plaintiff cannot survive summary judgment because he has no direct evidence of discrimination and cannot show that he was terminated because of his race under the *McDonnell Douglas* burden shifting approach. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). Under *McDonnell Douglas*, a plaintiff must first establish a prima facie case of racial discrimination. *See E.E.O.C. v. Our Lady of Resurrection Med. Ctr.*, 77 F.3d 145, 148 (7th Cir. 1996). To do so, he must show that

"(1) [he] was within a protected class; (2) [his] performance met [his] employer's legitimate expectations; (3) [he] was terminated; and (4) others not in [his] protected class received more favorable treatment. " *Id.* at 148-49. The burden then shifts to the defendant to provide a legitimate, non-discriminatory reason for the termination. *Id.* at 149. "If the defendant meets this burden, the presumption of discrimination created by the *prima facie* case drops out, and the plaintiff must produce evidence proving that those reasons are merely pretextual-that the real reasons were discriminatory." *Id.* at 149, *citing St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515-17 (1993).

This court agrees with Defendant that Plaintiff cannot establish a prima facie case of discrimination because he cannot show that similarly situated employees were treated more favorably. In fact, Royalty, a white employee who held the same position and engaged in similar conduct of accepting cash from other employees so that those employees would not have to work their scheduled shift, was also terminated by Defendant. Moreover, Defendant is also correct that it met its burden to show that it had a legitimate, non-discriminatory reason for Plaintiff's termination and Plaintiff has provided no evidence to show that the reason given was a pretext for discrimination.

In sum, this court has carefully considered Defendant's arguments, the case law cited and the exhibits filed, including the transcript of Plaintiff's deposition and

the affidavits of management personnel. Following this careful review, this court agrees with Defendant that it is entitled to judgment on Plaintiff's claims as a matter of law.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion for Summary Judgment (#64) is GRANTED. Judgment is entered in favor of Defendant and against Plaintiff.

(2) This case is terminated.

ENTERED this 24th day of July, 2014.

s/COLIN S. BRUCE
U.S. DISTRICT JUDGE